# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4438

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NOROD ARCANE MCCULLOUGH,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:16-cr-00876-RBH-1)

Submitted: November 30, 2017                   Decided: December 20, 2017

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norod Arcane McCullough pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012), and was sentenced to 72 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether McCullough's guilty plea is valid and whether McCullough's sentence is procedurally and substantively reasonable. Although advised of his right to file a supplemental pro se brief, McCullough has not done so. The Government declined to file a response brief. We affirm.

Counsel first questions the validity of McCullough's guilty plea. Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary in that it did not result from force, threats, or promises outside the plea agreement, and is supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because McCullough did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Our review of the transcript reveals that the district court substantially complied with the requirements of

2

Fed. R. Crim. P. 11, that a factual basis supported the plea, and that McCullough's plea was knowingly and voluntarily entered. Accordingly, McCullough's guilty plea is valid.

Next, counsel questions whether McCullough's sentence is reasonable. "We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) [(2012)] using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007) (alteration and internal quotation marks omitted)). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.*

In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) sentencing factors, and sufficiently explained the selected sentence. *Id.* at 111-12. Only after determining that the sentence is procedurally reasonable do we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Our review of the sentencing transcript reveals no significant procedural errors. The district court accurately calculated McCullough's advisory Guidelines range, gave the

3

parties the opportunity to present argument and McCullough the opportunity to allocute, considered the § 3553(a) factors, and adequately explained its reasons for imposing the sentence. We further conclude that McCullough has not met his burden of rebutting the presumption that his below-Guidelines-range sentence is substantively reasonable.

In accordance with *Anders*, we also have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform McCullough, in writing, of the right to petition the Supreme Court of the United States for further review. If McCullough requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McCullough.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*